**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMEIL JOHNSON, | : |
|                   Plaintiff, | : Civil Action No. 05-4035 (JAG) |
| v. | : |
| | :     **O P I N I O N** |
| ELIZABETH DAY PROGRAM, et al., | : |
|                   Defendants. | : |

**APPEARANCES:**

    LAMEIL JOHNSON, #731724B, Plaintiff <u>Pro</u> <u>Se</u>
    Southern State Correctional Facility
    P.O. Box 150
    Delmont, New Jersey  08314

**GREENAWAY, JR.**, District Judge

    Plaintiff Lameil Johnson, a prisoner incarcerated at Southern State Correctional Facility, seeks to bring this action <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of poverty, prison account statement, and the apparent absence of three prior dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the New Jersey Department of Corrections to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full.  <u>See</u> 28 U.S.C.

§ 1915(a), (b). Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint as time-barred.

## I.  BACKGROUND

Plaintiff sues the Elizabeth Day Program and Joe Lee for violation of his constitutional rights under 42 U.S.C. § 1983. He asserts the following facts in support of his claims. In 1987, a judge in Union County, New Jersey, ordered him, as a juvenile, to attend the Elizabeth Day Program for juveniles. Plaintiff alleges that Defendant Joe Lee, an employee of the State of New Jersey, was a supervisor at the Elizabeth Day Program. Plaintiff asserts that after property was stolen, Joe Lee suspected Plaintiff and took him into the bathroom to be strip-searched. Plaintiff alleges that Joe Lee threatened to incarcerate Plaintiff at the youth correctional facility unless Plaintiff allowed Joe Lee to sexually abuse him. Plaintiff asserts that Joe Lee sexually abused him during 1987 and 1988. Plaintiff states that the sexual abuse has affected him emotionally throughout his life. He seeks damages for violation of his constitutional rights.

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' "  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984));  see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under color of state law.[1]  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A.  Statute of Limitations

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).  Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)).

In the instant case, Plaintiff alleges that a state supervisor of the Elizabeth Day Program sexually abused him in 1987 and 1988 while he was attending the program pursuant to a court order.  Assuming that Plaintiff's claim accrued and the statute of limitations began to run in when he turned 18 in 1989, the limitations period expired by the end of 1991, several years before Plaintiff submitted this Complaint for mailing to the Clerk.  Thus, it is apparent from the face of the Complaint that Plaintiff's federal claims against the Defendants are time-barred.  See Getchey v. County of Northumberland, 120 Fed. Appx. 895 (3d Cir. 2005) (affirming dismissal of civil rights claim brought by former juvenile inmate at adult correctional facility for damages arising from his alleged sexual abuse in 1956 as time barred).

The question remains as to whether this Court may dismiss the Complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred. The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), it is established in this circuit that a civil rights claim may be dismissed as time-barred on defendant's motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel, 570 F.2d at 1174 (citation omitted). The Court explained the Third Circuit rule in the following passage:

> Under Fed. R. Civ. P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . . If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

Id. (citations and internal quotation marks omitted).

The Third Circuit has not considered whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) where the time-bar is apparent on the face of the Complaint, but several federal circuits have permitted sua sponte dismissal under these circumstances. See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v.

Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).  As the Fifth Circuit explained:

> Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense sua sponte in an action proceeding under 28 U.S.C. § 1915 . . . Thus, where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d).

Gartrell, 981 F.2d at 256 (citations omitted).[2]

This Court holds that sua sponte dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d at 1174 (citation omitted).  Applying this standard to the instant Complaint, the Court finds that dismissal of the federal claims is warranted because it is clear from the face of the Complaint that the claims are time-barred.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.  An appropriate Order accompanies this Opinion.


    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: September 27, 2005

---

[2] Section 1915(d) is the predecessor to § 1915(e)(2)(B).